IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | |
| VS. | § § § § § | CRIMINAL ACTION NO. H-75-138<br>CIVIL ACTION NO. H-15-1081 |
| MICHAEL JOSEPH DERROW | § | |

MEMORANDUM AND OPINION GRANTING
MOTION TO DISMISS § 2255 MOTION

**I.     Background**

Michael Joseph Derrow filed this motion to vacate under 28 U.S.C. § 2255 in April 2015. He challenges his July 1975 federal conviction and five-year sentence for possessing stolen mail matter, in violation of 18 U.S.C. § 1708. (Case No.75-cr-138). Derrow, represented by court-appointed counsel, waived indictment in that case and pleaded guilty to the criminal information. His sentence was to be served through six months in a community treatment center, with the remainder suspended. Derrow was placed on probation for five years. In November 1976, he was arrested for probation violations. In June 1977, Derrow and the lawyer appointed at his request—the same lawyer who had represented him in the underlying case—appeared for the revocation hearing. The court denied the motion to revoke, and Derrow was released. In April 1978, a Probation Violator's Warrant was issued, and in May Derrow and the same lawyer appeared. After hearing testimony that Derrow had been convicted of two state offenses, the court revoked Derrow's probation and sentenced him to a four-year prison term to begin when he was released into federal

custody. That occurred in June 1978. Derrow filed a letter motion to reduce his sentence in July 1978, which the court denied.

This § 2255 motion was filed in April 2015. The government moves to dismiss with prejudice, asserting that the motion was filed far too late and equitable tolling does not apply. Derrow has filed a response.

## II.  Analysis

Derrow's § 2255 Motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which sets a one-year limitations period that begins to run from "the latest of":

>  (1)  the date on which the judgment of conviction becomes final;
> 
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the constitution or laws of the Untied States is removed, if the movant was prevented from making a motion by such governmental action;
> 
>  (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and
> 
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The conviction Derrow challenges was final in 1975. Derrow had until April 24, 1997, one year from AEDPA's effective date, to file a § 2255 motion. Derrow filed this petition 18 years late.

Although the time for filing can be extended or tolled for equitable reasons, this relief is limited. *See Fisher v. Johnson*, 174 F.3d at 711; *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."

*Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). Equitable tolling is not available if the petitioner does not act with diligence in seeking relief. *Coleman v. Johnson*, 184 F.3d at 402. A petitioner like Derrow has the burden of showing that equitable tolling applies. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Derrow has not met that burden. He has not demonstrated extraordinary circumstances that justify applying equitable tolling to extend statute of limitations for 18 years, an obvious lack of diligence. He does not claim, and the record does not show, that he was prevented from filing a § 2255 motion during the limitations period. Proceeding pro se does not equitably toll the AEDPA statute of limitations. *United States v. Petty*, 530 F.3d 361, 364-65 (5th Cir. 2008); *Lookingbill v. Cockrell*, 293 F.3d 256, 264 n.14 (5th Cir. 2002). The lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *see also Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Derrow's motion is time-barred under § 2255(f)(1).

Because the files, the motion, and record conclusively show that habeas relief is inappropriate, no evidentiary hearing is required. 28 U.S.C. § 2255 (foll.), Rule 8(a). *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

### III. Conclusion

Derrow's § 2255 motion is dismissed, with prejudice, as untimely filed, granting Docket Entry No. 21 in 75-cr-138 and dismissing Case No. 15-cv-1081. A certificate of appealability will not issue because Derrow has not shown a basis for that relief.

SIGNED on August 19, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge